IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Frank M. Adams, | ) | C/A No. 0:13-2925-MGL-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| The City of Tega Cay, South Carolina, et al, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Frank M. Adams ("Adams"), a self-represented litigant, brought this action seeking relief pursuant to 42 U.S.C. § 1983. This matter comes before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on Adams's motion for a preliminary injunction. (ECF No. 14.) The defendant filed a response in opposition (ECF No. 21) and Adams filed a reply (ECF No. 24).

Adams's motion asks the court to:

> [R]estrain and enjoin Defendant from enforcing the City's Ordinance 77 (amended) Temporary Signs, Section 19-137(G)(e) Political Signs *on private Property*, so as to prohibit the erection and display of political signs, including but not limited to candidate campaign signs or issue signs, whether or not either is the subject of a pending ballot question or election or from subjecting the posting of any such signs to more stringent size or other limitations than that imposed on non-political signs.

(ECF No. 14 at 1) (emphasis in original).

In its response in opposition to the motion for a preliminary injunction, the defendant asserts that Adams's motion is now moot because the City Council enacted a new Ordinance 77 on January 21, 2014, which removed "all regulations of signs expressing political speech" and "completely superceded" the portion of the Ordinance Adams seeks to enjoin. (ECF No. 21 at 1-2.) Adams's reply asserts that he visited the defendant's website on February 26, 2014 and found a reference to



political signs which places "durational limits on them." (ECF No. 24 at 5.) However, a review of Ordinance 77 (Amended), effective January 21, 2014, reflects that all references to political signs have been deleted. (ECF No. 21-4 at 46-72.) Because the language Adams seeks to enjoin in his motion has been deleted from the current Ordinance 77, the court agrees that Adams's motion for preliminary injunction should be denied as moot. See Covenant Media of South Carolina, L.L.C. v. City of North Charleston, 514 F. Supp. 2d 807, 811 (D.S.C. 2006) (finding that city's adoption of revised sign ordinance rendered defendant's claim for injunctive relief moot), aff'd, 493 F.3d 421 (4th Cir. 2007).

## RECOMMENDATION

Accordingly, the court recommends that Adams's motion for a preliminary injunction be denied. (ECF No. 14.)

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 16, 2014
Columbia, South Carolina

*The parties are directed to note the important information in the attached*
*"Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).