IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Frank M. Adams, ) | Civil Action No.: 0:13-2925-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| The City of Tega Cay, South Carolina, ) | **ORDER AND OPINION** |
| ) | |
| Defendant. ) | |
| _____ ) | |

Pro se Plaintiff Frank M. Adams ("Plaintiff") brought this action against the City of Tega Cay, South Carolina ("Defendant") pursuant to 42 U.S.C. § 1983 challenging the constitutionality of regulations relating to political signs contained in Defendant's zoning ordinance. On December 23, 2013, Plaintiff filed a motion for preliminary injunction seeking to restrain and enjoin Defendant from enforcing Defendant's ordinance (Ordinance 77, Section 19-137 (G)(e)) regarding the display of political signs on private property. (ECF No. 14.) Defendant filed a response in opposition to the motion for preliminary injunction on February 7, 2014. (ECF No. 21.) Plaintiff filed a reply on February 27, 2014. (ECF No. 24.)

In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On July 16, 2014, Magistrate Judge Gossett issued a Report and Recommendation recommending that Plaintiff's motion for preliminary injunction be denied as moot because Defendant's City Council enacted a new Ordinance 77 which deleted the language Plaintiff sought to enjoin. (ECF No. 47.) Plaintiff filed his objections on August 5, 2014. (ECF No. 55.) Defendant filed a reply on August 22, 2014. (ECF No. 56.)

The Magistrate Judge makes only a recommendation to this Court. The recommendation has

no presumptive weight.  The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C. § 636(b)(1).  The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.  *Id.*  The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made.  In his objections, Plaintiff argues that "[a] defendant may not moot a claim for injunctive relief simply by ceasing the unlawful conduct." (ECF No. 55 at 1.)   Plaintiff claims that the "old" sign ordinance is still posted on an online ordinance database as "a valid and current ordinance" such that a "reasonable person could therefore claim that there is an expectation that the wrong will be repeated."  (ECF No. 55 at 2.)

In general, "the complete repeal of a challenged statute naturally renders a request for an injunction against application of that statute moot." *Rembert v. Sheahan*, 62 F.3d 937, 940 (7th Cir.1995); *see also Citizens for Responsible Gov't State Political Action Comm. v. Davidson*, 236 F.3d 1174, 1182 (10th Cir. 2000)("[T]he parties have no legally cognizable interest in the constitutional validity of an obsolete statute.")  As the Magistrate Judge correctly noted, on January 21, 2014, Defendant's City Council enacted a new Ordinance 77 which completely supersedes the previous ordinance and the language Plaintiff seeks to enjoin.  Defendant has attached a true and correct copy of the current ordinance in conjunction with its opposition to Plaintiff's Motion for Preliminary Injunction.  In response to Plaintiff's objections, Defendant also points to evidence in the record by way of the affidavit of Defendant's City Manager, which explains why the current legislation has not yet been published in the online ordinance database and also asserts that the most up-to-date version of the City's Code of Ordinances is available for public inspection at City Hall.

-3-

(ECF Nos. 50 & 56.)  This sworn and unrefuted testimony directly addresses Plaintiff's objections and renders them meritless.

Plaintiff only speculates that a reasonable person could believe that the challenged policy will resume.  But there is nothing in the record that would lead this Court to believe that Defendant intends to reenact the prior version of the challenged ordinance.  *See N.Y. State Chapter of Am. Coll. of Emergency Physicians, Inc. v. Wing*, 987 F.Supp. 127, 130 (N.D.N.Y.1997) ("Since § 75 has been repealed out of existence, there is nothing left to enjoin and the Court thus concurs that the action is moot.").  Additionally, with the repeal of the ordinance, Plaintiff cannot make a clear showing of irreparable harm absent preliminary injunctive relief.  *See Winter v. Natural Res. Def. Council, Inc*., 555 U.S. 7, 20 (2008).  Accordingly, the Magistrate Judge's recommendation as to Plaintiff's motion for preliminary injunction is adopted and Plaintiff's untimely objections are overruled.

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Accordingly, the Report and Recommendation is approved and incorporated herein by reference. Plaintiff's motion for a preliminary injunction is DENIED as MOOT.

IT IS SO ORDERED.

s/Mary G. Lewis
United States District Judge

Spartanburg, South Carolina
August 26, 2014