IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Frank M. Adams, | ) | Civil Action No.: 0:13-2925-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The City of Tega Cay, South Carolina, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Before this Court is Pro se Plaintiff Frank M. Adams's ("Plaintiff") Motion to Alter or Amend Judgment brought pursuant to Federal Rule of Civil Procedure 59(e). In his September 8, 2014 motion, Plaintiff asks this Court to alter or amend its order denying Plaintiff's motion for preliminary injunction seeking to enjoin Defendant from enforcing a portion of its zoning ordinance. (ECF No. 61. ) Defendant filed a response in opposition to Plaintiff's Motion to Alter or Amend Judgment on September 24, 2014. (ECF No. 63.) Plaintiff filed a reply on October 7, 2014. (ECF No. 65.) For the reasons set forth herein, this Court DENIES Plaintiff's Motion. (ECF No. 61.)

Federal Rule of Civil Procedure 59(e) governs motions to alter or amend a judgment; however, the rule does not provide a standard under which a District Court may grant such motions. The Fourth Circuit has articulated "three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir.1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id*. at 403. "Similarly, if a party relies on newly discovered evidence in its

-2-

Rule 59(e) motion, the party must produce a legitimate justification for not presenting the evidence during the earlier proceeding." *Id.* (internal quotations and citations omitted). Rule 59(e) provides an "extraordinary remedy which should be used sparingly." *Id.* (internal quotations and citations omitted).

Here, Plaintiff asks this Court to reconsider its order of August 26, 2014 for two reasons. First, Plaintiff claims that he has uncovered new evidence to include City Council meeting minutes, the affidavit of City Manager Charlie Funderburk, and Municode ordinance materials downloaded from the City of Tega Bay and Municode websites which necessitate reconsideration of the Court's order. (ECF No. 61 at 3-4.) But as Defendant points out, much of the evidence offered by Plaintiff is not new to the Court nor to Plaintiff. Plaintiff fails to produce a legitimate justification for not presenting the evidence prior to this Court's ruling on Plaintiff's request for a preliminary injunction. Even still, Plaintiff has not shown how the "new evidence" warrants a change in the Court's ruling.

Second, Plaintiff argues that the Court should reconsider its order to correct a clear error of law, apparently, based on the "doctrine of Constitutional Required Procedural Fairness." (ECF No. 61 at 4-5.) Although Plaintiff seems to suggest the City of Tega Bay's system does not give the public adequate notice of new laws, Plaintiff fails to demonstrate that this Court has committed a clear error of law in denying his motion for a preliminary injunction. *See United States v. Harvey*, 532 F.3d 326, 336 (4th Cir. 2008) (Clear error occurs when the reviewing court "is left with the definite and firm conviction that a mistake has been committed." (internal quotation marks omitted)).

Accordingly, after consideration of the arguments presented by Plaintiff, as well as careful review of the applicable law and the record, the undersigned finds no merit in Plaintiff's contentions.

-3-

Plaintiff has failed to raise a sufficient basis for granting Rule 59(e) relief. Accordingly, Plaintiff's motion for reconsideration is DENIED. (ECF No. 61.)

    IT IS SO ORDERED.

s/Mary G. Lewis<br>United States District Judge

Spartanburg, South Carolina
October 30, 2014