IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Frank M. Adams, | ) | C/A No. 0:13-2925-MGL-PJG |
|                 Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| The City of Tega Cay South Carolina, et al., | ) | |
|                 Defendant. | ) | |

Plaintiff Frank M. Adams filed this action alleging a violation of his constitutional rights under 42 U.S.C. § 1983, as well as state law constitutional claims against Defendant City of Tega Cay, South Carolina.[1] This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the parties' cross motions for summary judgment. (ECF Nos. 30 & 44.) Both parties filed responses (ECF Nos. 40 & 50) and the defendant filed a reply (ECF No. 45). Additionally, Adams has filed two motions for judicial notice (ECF Nos. 39 & 43) to which the defendant filed responses (ECF Nos. 46 & 51).[2] Having reviewed the parties' submissions and the applicable law, the court finds that this matter should be dismissed for lack of jurisdiction.

---

[1] Adams originally filed this case in the York County Court of Common Pleas and the defendant removed the action to this court pursuant to 28 U.S.C. § 1446. (ECF No. 1.)

[2] Adams asks the court to take judicial notice, pursuant to Rule 201 of the Federal Rules of Evidence, of affidavits and other documents filed in this case. (ECF Nos. 39 & 43.) In making its recommendation, the court has reviewed and taken into consideration the documents referenced in Adams's motions and finds that it is unnecessary to take judicial notice of these documents. Further, Adams has not demonstrated that such documents satisfy the standard for taking judicial notice of an adjudicative fact. See Fed. R. Evid. 201.



## BACKGROUND

The following facts are either undisputed or are viewed in the light most favorable to Adams, to the extent they find support in the record. (See generally, Compl., ECF No. 1-1 at 6-9; Pl.'s Mot. Summ. J., ECF No. 44 at 2-3.) Adams, who resides at 816 Brooksmill Drive in the City of Tega Cay, South Carolina, placed a sign supporting the candidacy of "Romney/Ryan" in his front yard on or about September 20, 2012. Upon arriving home from work on September 27, 2012, Adams discovered that the sign had been removed from his yard and placed in front of his garage with a handwritten note from "Steve Ogg Code Enforcement" stating that political signs could not be displayed more than thirty days before an election per "Ordinance 77-19-137 c1."[3] A few weeks prior to the November 2012 election, Adams reinstalled the "Romney/Ryan" sign in his front yard and additionally installed a sign supporting Wes Hayes for Senator. On November 8, 2012, Adams returned home from work to find both of his signs removed from the yard and placed at the front door of his home.

## DISCUSSION

The defendant asserts that this matter must be dismissed because Adams lacks standing to bring a justiciable case or controversy within the meaning of Article III of the United States Constitution. See Pye v. United States, 269 F.3d 459, 466 (4th Cir. 2001) ("Standing is a threshold jurisdictional question which ensures that a suit is a case or controversy appropriate for the exercise of the courts' judicial powers under the Constitution of the United States."). The United States Supreme Court has held that to satisfy the constitutional standing requirement, a plaintiff must

---

[3] The defendant provided the text of Zoning Ordinance No. 77, as it appeared in September of 2012. (ECF Nos. 21-1 to 21-3.)



demonstrate: (1) that he suffered an injury of fact, defined as an invasion of a legally protected interest that is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection, which requires a "fairly traceable connection" between the plaintiff's injury and the conduct of which he complains; and (3) that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103 (1998); Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992).

The defendant argues that Adams cannot meet the redressability element of this test because the restrictive covenants controlling the use of Adams's property prohibit the posting of signs without prior approval of an Architectural Review Committee ("ARC"). (ECF No. 30-1 at 6-9; see also ECF Nos. 30-4 & 30-5.) Thus, the defendant asserts that a ruling in Adams's favor by this court would not remedy his stated injury. In response, Adams cites the ARC's enforcement procedures, but contends that this committee does not actively enforce its sign regulations. (ECF No. 40 at 7-8.) Adams further states that he was never served by the ARC with a "notice of violation" for placing political signs in his yard in 2012 and hypothesizes that he would have successfully challenged any such citation had one been issued. Therefore, Adams argues that the restriction of his right to post political yard signs would be redressed by a ruling in his favor. The court disagrees.

"To possess constitutional standing, a plaintiff must be injured by the defendant, and the federal court must be able to redress the injury." CGM, LLC v. BellSouth Telecommunications, Inc., 664 F.3d 46, 52 (4th Cir. 2011). Further, redressability requires a plaintiff to establish " '*that the prospective relief will remove the harm*.' " Iota Xi Chapter of Sigma Chi Fraternity v. Patterson, 566 F.3d 138, 148 (4th Cir. 2009) (emphasis in original) (quoting Warth v. Seldin, 422 U.S. 490, 505



(1975)); see also Lujan, 504 U.S. at 561 (holding that the plaintiff bears the burden of establishing the elements of standing).  As indicated above, it must be "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." Friends of the Earth Inc., v. Laidlaw Envtl. Servs., Inc., 528 U.S. 167, 181 (2000).

      The undisputed evidence in this case shows that the restrictive covenants curtail Adams's ability to erect any sign on his property and he did not seek or secure the ARC's approval prior to posting the political signs in 2012.  (ECF No. 30-5 at 17; ECF No. 30-6 at 3.)  Further, Adams's argument that the ARC does not enforce its sign regulations is unavailing because the restrictive covenants contain an anti-waiver provision.  (ECF No. 30-5 at 8.)  As Adams was subject to the restrictive covenants' ban on posting yard signs when the defendant enforced its zoning ordinance, cf. Byrd v. City of North Augusta, 201 S.E.2d 744, 746 (S.C. 1974) (holding that, under South Carolina law, when "restrictive covenants and zoning ordinances are in conflict, the more restrictive of the two prevails"), a ruling in his favor by this court would not remedy Adams's stated injury—the restricted ability to post political signs on his property.  Therefore, Adams lacks standing to maintain this suit.  See Steel Co., 523 U.S. at 109-10 (holding that respondent lacked standing to maintain suit where "none of the relief sought by respondent would likely remedy its alleged injury in fact"); see also S. Walk at Broadlands Homeowner's Ass'n, Inc. v. Openband at Broadlands, LLC, 713 F.3d 175, 183 (4th Cir. 2013) (finding that a plaintiff's injury, "though concrete and actual," was not redressable where plaintiff would have to pay for services "*regardless* of the outcome" of the case) (emphasis in original); Covenant Media of SC, LLC v. City of North Charleston, 493 F.3d 421 (4th Cir. 2007) (holding that plaintiff could not establish redressability and lacked standing to challenge a provision of the defendant's sign regulation where plaintiff's billboard



application "could not have been approved regardless of whether other substantive provisions of the Sign Regulation are held to be unconstitutional"); Trinity Outdoor, LLC v. City of Rockville, 123 F. App'x 101 (4th Cir. 2005) (finding that plaintiff's alleged injury, the inability to erect signs, was not redressable by the court where plaintiff would have been unable to erect signs even had the defendant's ordinance been invalidated in court).

The lack of standing deprives the court of jurisdiction. See Steel Co., 523 U.S. at 109 ("Having found that none of the relief sought by respondent would likely remedy its alleged injury in fact, we must conclude that respondent lacks standing to maintain this suit, and that we and the lower courts lack jurisdiction to entertain it."). Once a court determines that it lacks the power to adjudicate a case, it can do no more than state that fact and dismiss it. See Steel Co., 523 U.S. at 94.

## RECOMMENDATION

Based on the foregoing, the court recommends that Adams's federal claims be dismissed for lack of standing and all pending motions (ECF Nos. 30, 39, 43, 44) be terminated. Adams's state law claims should be remanded. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Crosby v. City of Gastonia, 635 F.3d 634, 644 (4th Cir. 2011) (stating that when federal claims are susceptible to dismissal solely for lack of subject matter jurisdiction, the court's discretionary exercise of supplemental jurisdiction over state law claims is improper); Stratton v. Mecklenburg Cnty. Dep't of Soc. Servs., 521 F. App'x 278, 291, 292 (4th Cir. 2013) ("Because the federal district

court lacked subject matter jurisdiction over the alleged federal claims, its dismissal of those claims pursuant to Rule 12(b)(1) was proper, and its concurrent dismissal of the state law claims was *mandated*.") (emphasis added).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

November 12, 2014
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).