IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Frank M. Adams, | ) | Civil Action No.: 0:13-2925-MGL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| The City of Tega Cay, South Carolina, | ) | **ORDER AND OPINION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

      Pro se Plaintiff Frank M. Adams ("Plaintiff") brought this action against the City of Tega Cay, South Carolina ("Defendant") pursuant to 42 U.S.C. § 1983 challenging the constitutionality of regulations relating to political signs contained in Defendant's zoning ordinance.  The parties filed cross motions for summary judgment.  (ECF Nos. 30 & 44.) Plaintiff also filed two motions for judicial notice (ECF Nos. 39 & 43.)  In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling. On November 13, 2014, the Magistrate Judge issued a Report and Recommendation recommending that this matter be dismissed for lack of jurisdiction.  (ECF No. 69.)  Plaintiff filed  objections on December 1, 2014  (ECF No. 71) and  Defendant filed a reply on December 18, 2014.  (ECF No. 72.)

      The Magistrate Judge makes only a recommendation to this Court.  The recommendation has no presumptive weight.  The responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976).  The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge.  28 U.S.C.

-2-

§ 636(b)(1). The Court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. *Id.* The Court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objections are made.

The Magistrate Judge recommends that Plaintiff's federal claims be dismissed for lack of standing and that all pending motions be terminated. (ECF No. 69 at 5.) The Magistrate Judge further recommends that Plaintiff's state law claims be remanded. The Magistrate Judge concludes that Plaintiff fails to satisfy the redressability element of the constitutional standing requirement because a ruling in Plaintiff's favor by this Court would not remedy Plaintiff's stated injury—the restricted ability to post political signs on his property— because the restrictive covenants controlling the use of Plaintiff's property prohibit the posting of signs without prior approval of an Architectural Review Committee. Plaintiff filed brief objections to the Report and Recommendation simply restating a previous argument considered by the Magistrate Judge concerning the Architectural Review Committee's enforcement practices. (ECF No. 71.) Defendant filed a reply noting that Plaintiff failed to point to any authority to contradict the Magistrate Judge's finding that Plaintiff lacks standing to maintain the federal claims against Defendant as they have been asserted in his complaint. (ECF No. 72.)

After a careful review of the record, the applicable law, and the Report and Recommendation, the Court finds the Magistrate Judge's recommendation to be proper. Plaintiff's objections fail to cast any doubt on the well-reasoned substantive findings and analysis of the Magistrate Judge. The Court finds no error and Plaintiff's objections are overruled. Accordingly, the Report and Recommendation is approved and incorporated herein by reference. Plaintiff's federal claims are hereby dismissed and all pending motions terminated as moot. Plaintiff's state law claims are hereby

-3-

remanded to the York County Court of Common Pleas.

    IT IS SO ORDERED.

                                              s/Mary G. Lewis
                                              United States District Judge

Columbia, South Carolina
December 22, 2014